But per Williams
(the only Judge on this circuit,) the law is as laid down in 8 R. 33 — Coley's case, and the inn-keeper is liable for the goods lost, unless when the guest is robbed by a companion of his own : and in some few other cases mentioned in Coley’s case, and in 3 Bac. Ab. 183, as where (lie guest is informed that the house is full, but the traveller insists upon staying, and says be will shift. And in order to support the action, it is sufficient for the Plaintiff to prove that the Defendant kept a common ordinary, that lie was a guest, that the goods were brought to the inn, and were in the care of the Defendant, and were lost.
Tin Plaintiff under this charge had a verdict for one hundred and nine pounds, and judgment.
*54 Note. — In lliis ease, it appeared the Plaintiff had received this money of a Mr. O’Brien, of Tarbrough, for the purpose of purchasing certificates, which he covenanted in writing to deliver to O’Brien, or to return him the money ; and it was insisted upon by Mr. Moore, that the money in this case was the property of O’Brien, and that Quinton only fiad it as his agent or servant; and that therefore the injury, if any, had been done to O’Brien and not to Quinton ; and that O’Brien ought to have brought the action. But e contra, it vis insisted, that strictly speaking, there is no such tilingas property in mo-i y, or that if there was, the possession always gave the properly to the possessor, and that an action which affirms property in the Plaintiff, could not be brought for it. L. Ev. 262 - Co. Litt. 286, b.-Salk. 284.
Et per Williams, whoever has the poss. ssion of money, has the property of it : he may use it, and dispose of it as he pleases, without, and even against the consent and directions of him who entrusted him with it; and whoever receives the money from the trustee, though he knows it was entrusted to him for a different purpose, cannot be compelled to restore it. and the agent who abuses his trust in this respect, is only liable to damage by means of his contract.
Note. — Upon the possession of money giving the property, see Clary v. Allison, post 111.